IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL ACTION |
| v. | : | |
| JONATHAN BERBERENA | : | NO. 02-00587 |

**MEMORANDUM RE: MOTION TO DISMISS INFORMATION**

**Baylson, J.**                                                      **August 28, 2008**

**I.     Introduction**

Presently before the court is a motion to dismiss federal criminal charges with prejudice filed by Jonathan Berberena (herinafter "Berberena," or "Defendant"). The Government concedes that the charges should be dismissed, but contends that they should be dismissed without prejudice. For reasons explained below, the Court dismisses the charges without prejudice.

**II.    Background**

On February 7, 2002, Berberena pled guilty to Pennsylvania state homicide charges, agreeing in his plea to serve a state sentence of 14 years, and to cooperate with federal and state authorities. (Doc. No. 106, Ex. E.) On August 15, 2002, Berberena reached an agreement with federal prosecutors pursuant to which he pled guilty to federal charges of conspiracy to distribute more than 50 grams of cocaine base and five

kilograms of cocaine, to possession with intent to distribute more than five grams of cocaine base, possession with intent to distribute more than five grams of cocaine base within 1000 feet of a school, possession with intent to distribute cocaine and possession with intent to distribute cocaine within 1000 feet of a school.

The government filed an information on these charges on September 19 2002, and a plea hearing was held on October 21, 2002, at which time Berberena pled guilty according to the terms of the agreement. On May 1, 2003, Berberena was sentenced to 384 months in federal prison.  He appealed his conviction, which was affirmed by the Third Circuit. U.S. v. Berberena, 93 Fed.Appx. 434, 436 (3d Cir. 2004).

On August 1, 2005, Berberena filed a pro se petition under 28 U.S.C. § 2255 claiming that William Cannon, his attorney during most of the federal proceedings, had failed to adequately represent him because of a conflict of interest. On August 16, 2007, this Court granted Berberena's § 2255 motion, ordering his federal sentence vacated and his guilty plea withdrawn.  U.S. v. Berberena, 2007 WL 2345282 *10 (E.D.Pa. August 16, 2007).

The government was obligated to re-charge Berberena if it sought to reprosecute him.  Under the Speedy Trial Act, 18 U.S.C. § 3161, trial would have to commence within 70 days of the vacation of the sentence, no later than October 25, 2007.[1]

On October 17, 2007, the government broached the possibility of plea negotiations to defense counsel. (Doc. No. 107, Ex. A)  Correspondence between the

---

1 § 3161(d)(1) incorporates the thirty-day limit of § 3161(b) for reindictment or re-issuing an information when the original indictment or information has been dismissed on a motion of the defendant. Neither party discusses a violation of the indictment deadline as basis for dismissal with or without prejudice.

Government and defense counsel on the possibility of a guilty plea and 15-year federal sentence, to be served concurrently with Defendant's state sentence, continued through December 20, 2007, when the Government asked defense counsel if it should forward a proposed plea agreement, and defense counsel responded: "that sounds like a pretty good idea." (Id.)

This was the last contact between the Government and defense until the instant motion was filed on April 17, 2008 at which point 245 days had passed since Defendant's plea was vacated, and 176 days had passed since the trial deadline of October 25. Mr. Berberena remains in federal custody in connection with the criminal information filed in September 19, 2002.

Defendant filed his Motion to Dismiss with prejudice on April 17, 2008. (Doc. No. 106.) The Government filed a Response on April 25, 2008. (Doc. No. 107.) On May 8, 2008, Defendant submitted a Reply (Doc. No. 108).

### III. Parties' Contentions

    A.    Government

While the Government acknowledges that the Speedy Trial Act was violated, and that the information against Berberena must be dismissed, it maintains that this information should be dismissed without prejudice, so that Berberena can be re-charged by indictment.

In support, the government points to the seriousness of Mr. Berberena's offense, argues that there was no "bad faith" or "pattern of neglect" in the government's conduct and that Defendant was not prejudiced by the delay.

### B.    Defendant

Berberena requests that the information against him be dismissed with prejudice. While conceding that his offense is serious, Defendant claims that his state conviction and the impossibility of his release from prison should be considered as a mitigating factor.

Defendant also claims that the government has demonstrated a "pattern of neglect," of which the failure to indict or try him after his plea was vacated is only one example: Defendant also cites the Government's tardy filing of its response to his § 2255 motion, tardy production of documents required of it by the court on August 18, 2006 and failure to respond to a discovery request issued on September 19, 2007.

Defendant maintains that dismissal with prejudice will support justice and the aims of the Speedy Trial Act, by maximizing the act's deterrent effect.

Finally, Defendant claims the Court should presume prejudice to this defendant, as the time under which the government might have reindicted under 18 USC § 3288 has passed. [2]

## IV.    Legal Standards

18 USC § 3161(e) states that if a defendant is to be re-tried following an appeal or a collateral attack, the new trial must commence no more than 70 days after the action occasioning the retrial becomes final.  Both sides agree that this provision has been violated, and that the information against Berberena must be dismissed.

---

2 18 USC § 3288 specifies that when an indictment or information is dismissed after the statute of limitations on the charge has run, the prosecution may return a new indictment within six months of the date of dismissal.  Neither party addresses applicability of §3288 to the future of this case.

On a motion for dismissal, defendant has the burden of proof except as to exclusions of time from the speedy trial calculation. 18 USC § 3162(2).

18 USC § 3162(2) discusses sanctions for violation of time limits for trial set forth in § 3161. The indictment or information must be dismissed after any violation, though it may be dismissed with or without prejudice. When dismissing a charge, the court must consider the 1) seriousness of the offense; 2) the facts and circumstances of the case that led to the dismissal; and 3) the impact of a reprosecution on the administration of the Act and on the administration of justice. In U.S. v. Taylor, the Supreme Court articulated another factor, 4) prejudice to the defendant. 487 U.S. 326, 338-39 (1988).

There is no presumption in favor of dismissal with or without prejudice; the decision is left to the court's discretion. Id., 335 n.8. However, the district court is required to articulate its balancing of the statutory and Taylor factors. Taylor, 487 U.S. at 336-37.

**V.     Analysis**

   A.     Seriousness of the Offense

The first factor in a §3162 analysis is the seriousness of the offense. In this district, serious drug charges have been held to support dismissal without prejudice even in the face of substantial violations of the Speedy Trial Act. However, other considerations, especially the reasons for the delay, may overcome even the weight of a grave offense. Cf. U.S. v. Law, 526 F.Supp.2d 513 (E.D.Pa. 2007), DuBois, J.; (discussing seriousness of similar drug offenses and dismissing without prejudice); U.S.

v. Watkins, 200 F.Supp.2d 489 (E.D.Pa. 2002), Schiller, J. (holding that a forty day delay in indictment was reason to dismiss with prejudice charges of conspiracy to distribute cocaine) partially reversed on other grounds by U.S. v. Watkins, 339 F.3d 167 (3d Cir. 2003), cert denied Watkins v. U.S., 540 U.S. 1221 (2004).

Both parties state that Mr. Berberena's alleged offense is considered serious. Potential sentences on the charges range from 10 years to life; the sentence overturned was 34 years. This factor counsels strongly for dismissal without prejudice.

### B. Facts And Circumstances Leading to the Dismissal

The question then becomes whether other factors in the analysis outweigh the seriousness of Defendant's offense. This analysis is partially guided by Government of Virgin Islands v. Bryan, in which the Third Circuit directed district courts to consider the length of and reasons for the delay. 818 F.2d 1069, 1076 (3d Cir. 1987).

If the prosecution has acted in bad faith or demonstrated a pattern of neglect, this irresponsibility will suggest dismissal with prejudice. Taylor, 487 U.S. at 341. Conversely, if the prosecution's error is justified or inadvertent, dismissal without prejudice may be appropriate. See U.S. v. Hamilton, 46 F.3d 271, 279 (3d Cir. 1995) (upholding district court's dismissal without prejudice, when prosecution's delay was due to unavailability of witnesses whose testimony prosecution might have secured by granting them immunity); Law, 526 F.Supp.2d at 519 (holding that dismissal without prejudice was appropriate when neither party realized Speedy Trial time from an earlier indictment carried over, and so prosecution failed to request a continuance). Defendant's conduct may also contribute to a "facts and circumstances" analysis; a defendant who

illicitly contributes to delay, or who passively permits the Speedy Trial clock to run out, may not be favored with dismissal with prejudice as readily as a defendant who asks for, but does not receive, attention. See Taylor, 487 U.S. at 327 (discussing illicit contribution of defendant); U.S. v. Fountain, 840 F.2d 509, 513 (7th Cir. 1988) (discussing passivity of defendant).

There is no evidence that the government was hampered by any factors outside its control, nor is there any suggestion that the government was justifiably unaware of the time limits on its case. Furthermore, Defendant did not passively permit the Speedy Trial clock to run.

In this instance, the Speedy Trial violation was close to six months. While this is a significant violation, a §3162 inquiry is fact-specific, and no length of time is considered determinative. Compare U.S. v. Archer, 984 F. Supp. 321, 324 (E.D.Pa. 1997), Katz, J. (dismissal without prejudice permitted even when failure to file indictment resulted in 75 additional days of incarceration); with U.S. v. Jones, 602 F.Supp. 1045, 1047-48 (E.D.Pa., 1985), Huyett, J. (holding failure to bring defendant to trial within five months of the Speedy Trial deadline would uphold dismissal with prejudice, but emphasiszing that offenses were non-violent and covered by nearly identical state charges).

The government stresses that plea negotiations between it and defense counsel account for some portion of the delay. The Court does weigh these negotiations, to the extent they contributed to the delay, for dismissal without prejudice, noting that they might have been the basis for granting a continuance, had the government requested one.

18 U.S.C. §3161(h)(8)(A); U.S. v. Fields, 39 F.3d 439, 444 (3d Cir. 1994). The Court also notes, however, that plea negotiations ended on December 20, 2007 and that no further action was taken in this case until April 17, 2008, when this motion was filed.

The government began plea negotiations one week before the 70-day Speedy Trial deadline. (Doc. No. 107, Plaintiff's Ex. 1) On October 30, 2007, in response to a question about a potential trial schedule, defense counsel emailed the government, stating: "Tom – You still have to indict the case." The government responded the next day with: "Thanks David. You're right." (Id.) The Government never followed up on its offer, accepted by defense counsel on December 20, to draft a preliminary plea agreement offering a concurrent sentence of 15 years. (Id.)

Defendant does not argue that the government delayed proceedings in "bad faith" or to gain tactical advantage. Rather, Defendant suggests that the government's failure to indict him or bring him to trial, its stalling of plea negotiations and its failure to respond to a discovery request issued on September 19, 2007 combine to constitute a pattern of neglect, tipping the balance in favor of dismissal with prejudice. The government, meanwhile, maintains that Defendant received all the discovery to which he was entitled during the course of the § 2255 action, and that its delays in providing information in that action are irrelevant to this motion.

Even disregarding conduct during the § 2255 action, it emerges from the evidence submitted that the government did not respond to defendant's discovery request of September 19, 2007, neither providing nor declining to provide the requested documents, that the government did not produce a draft plea agreement when it suggested that it

would, and that the government only made the initial offer of a draft plea agreement on December 20 2007, close to 2 months after the Speedy Trial clock had, by the government's own admission, run.

While these failings may have been unintentional, they are not excused by any factor beyond the government's control, or by a reasonable incognizance of deadlines. In conjunction with the government's failure to indict the defendant or bring him to trial, these lapses do represent repeated neglect and weigh in favor of dismissal with prejudice.

### C.  The Administration of Justice and of the Speedy Trial Act

The third factor the court must weigh is the administration of justice and of the Speedy Trial Act. Defendant would have the Court adopt the interpretation set forth in Jones: that the Speedy Trial Act and its sanction of dismissal with prejudice were created to deter administrative error as much as to deter actual bad faith dilatory conduct, and the burden of accounting for such error should rest on the government, never the defendant. 602 F.Supp. at 1049-50 (delay caused by misplaced letter stating denial of certorari supported dismissal with prejudice). The government claims that, given the inadvertence of its lapse, dismissal without prejudice provides adequate sanction, and supports the aims of the Act.

While it is self-evident that dismissal with prejudice is the stronger sanction, and so more forcefully cautions future compliance with § 3161 deadlines, denial without prejudice is a meaningful penalty, as reprosecution after a dismissal is time-consuming and difficult. Taylor, 487 U.S. at 341 (denial wihtout prejudice is not a toothless sanction); See also Zedner v. United States, 547 U.S. 489, 499 (U.S. 2006) (noting that

both sanctions are meaningful, and the bifurcated sanctions exist to compel compliance without destroying important criminal prosecutions).

Beyond the aims of the Speedy Trial Act itself, § 3162 also instructs the Court to consider the "administration of justice" more generally. The government insists that justice is served by permitting prosecution of crimes as serious as those alleged to Defendant. Clearly the more severe the crime, the more interests of justice will be served by its prosecution; this is not a distinct analysis from the "seriousness of the crime," and is part of the reason that factor weighs so heavily in favor of dismissal without prejudice. Cf. Zedner, 547 U.S. at 499 (on avoiding undue impairment of federal criminal laws while enforcing § 3161).

Defendant notes that he will remain in prison on state homicide charges for many more years regardless of the outcome of this case, and that his state sentence is not much shorter than the 15-year concurrent sentence government sought during guilty plea negotiations. While Defendant describes this inevitable imprisonment as a mitigation of the seriousness of his crime, we discuss it in this section in light of the mention of "substantial justice" in Taylor. In that case, the Supreme Court discussed and took a skeptical view of the idea that a district court might dismiss one charge against a defendant under § 3161 but sentence the defendant more severely on a second charge and thus serve "substantial justice" while appropriately penalizing the prosecution. 487 U.S. at 337. If, as the Court in Taylor suggested, this Court is not entitled to "wrap up the 'equities' in a single package," Berberena's imprisonment on distinct state charges

should not affect the Court's decision on the federal charges, and may not weigh in favor of dismissal without prejudice. 487 U.S. at 337 n.9.

In sum, a narrow interpretation of the Act and the policies behind the Act suggest dismissal with prejudice in order to discourage the sort of avoidable, prosecution-generated delay at issue in this case. However, the degree to which the delay resulted from bilateral plea negotiations, and a recognition of the importance of enforcing federal criminal law, counterbalance that suggestion.

### D.  Prejudice to The Defendant

Cases interpreting §3161 discuss and identify prejudice both as increased difficulty in presenting a defense, and as the increased personal stresses of restrictions upon liberty. Taylor, 487 U.S. at 340-41 (noting the two conceptions of prejudice).

Defendant contends that this court should presume prejudice to his ability to mount a defense, because of the length of time that has passed since the he was inititally charged  (specifically, under an 18 U.S.C. § 3288 analysis, the time after which prejudice would be presumed and reprosecution would be barred – six months after dismissal, when the statute of limitations has run – has passed).

However, this takes too broad a perspective. For the purposes of this § 3161 motion, the Court considers prejudice relative to the defendant's standing before the Speedy Trial violation, not relative to the defendant's standing when he was first charged. Of course this case will be now more difficult for either party to try than it would have been in 2002, but the bulk of this delay is a result of appeals and collateral attacks, not a result of failure of the prosecution to re-charge.  Defendant provides no

evidence that it will be more difficult to mount a defense now than it would have been on October 25, 2007, 70 days from the vacation of his sentence and charges and so the day the § 3161 violation began, and given12 that Defendant's case was already several years old at that point, the Court cannot presume that these extra months have significantly changed his situation.

Furthermore, the length of the delay is not proxy, in this case, for prejudice to the defendant's liberty.  Berberena is serving a 14-year sentence on state homicide charges; he has been lawfully incarcerated from 2002 no matter the status of the federal charges.

Because the defendant has not demonstrated the prejudice necessary to support a dismissal with prejudice in a motion upon which he bears the burden of proof, and because the circumstances do not permit the Court to infer that prejudice, this factor weighs in favor of dismissal without prejudice.

## VI.   Conclusion

In balancing the required factors, the Court determines that the seriousness of the alleged offense and the lack of apparent prejudice to the Defendant outweigh the other facts and circumstances of the case, and that the aims of the Speedy Trial Act and the administration of justice will not be offended by dismissal without prejudice. For these reasons, the Court dismisses the Information against Jonathan Berberena without prejudice.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES : CRIMINAL ACTION

v. :

JONATHAN BERBERENA : NO. 02-00587

**ORDER**

AND NOW, this 29th day of August, 2008, after careful consideration of Defendant Jonathan Berberena's Motion to Dismiss Information and both parties' briefs, it is hereby ORDERED that the Motion to Dismiss (Doc. No. 106) is GRANTED WITHOUT PREJUDICE.

BY THE COURT:

/s Michael M. Baylson



Michael M. Baylson, U.S.D.J.

O:\Intern Folders\CarrieLebigre\US v. Berberrena - 02-00587 motion to dismiss w. prejudice.wpd

13